# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**GRUPO PESQUERO NORESTE, C.A.,**

    **Plaintiff,**

v.        Case No:   **6:16-cv-586-Orl-28GJK**

**WILLIAM J. GATCHELL, BLUE SEAS MARINE, INC, M/V MASTER BRAXTON, LLC and M/V MASTER BRAXTON,**

    **Defendants.**

## REPORT AND RECOMMENDATION

This cause came on for consideration without oral argument on the following motion filed herein:

| | |
|---|---|
| **MOTION:** | **MOTION FOR ENTRY OF JUDGMENT BY DEFAULT (Doc. No. 31)** |
| **FILED:** | **June 30, 2016** |

**THEREON** it is **RECOMMENDED** that the motion be **GRANTED in part and DENIED in part.**

### I. BACKGROUND.

This is a petitory and possessory action brought by a purchaser, which is also the alleged legal title owner of a vessel, against the merchant hired by the purchaser to broker the sale of the vessel. Doc. No. 1. In short, the purchaser claims that after legal title passed to it, the merchant, who was acting as the purchaser's agent, wrongfully retained possession of the vessel, fraudulently attempted to gain title to it, and has deprived the purchaser of possession. Doc. No. 1. The

purchaser demands that the merchant convey the vessel to it and that the Court quiet title to the vessel in the purchaser. Doc. No. 1 at 11-12.[1] The instant action is brought solely under the Court's original admiralty jurisdiction, 28 U.S.C. § 1333. Doc. No. 1 at ¶ 1. As set forth in greater detail below, after being served with summons and the petition, the merchant failed to appear and the Clerk has entered default against the merchant. Doc. Nos. 19-30. Presently before the Court is the purchaser's Motion for Entry of Judgment by Default (the "Motion"). Doc. No. 31. For the reasons set forth below, it is recommended that the Motion be **GRANTED in part and DENIED in part**.

## II.  PROCEDURAL HISTORY.

On April 6, 2016, Grupo Pesquero Noreste, CA ("Grupo" or the "Plaintiff")), a foreign entity organized under the laws of Venezuela, filed an *in rem* and *in personam* verified complaint (the "Complaint"), pursuant to the Court's original admiralty jurisdiction, 28 U.S.C. § 1333 and Supplemental Rule D of the Supplemental Rules for Certain Admiralty and Maritime Claims (the "Supplemental Rules"), against William Gatchell, Blue Seas Marine, Inc. ("BSM"), M/V Master Braxton, LLC ("MBLLC") (collectively, the "Defendants"), and the vessel M/V Master Braxton (the "Vessel"). Doc. No. 1. The facts set forth below are taken from the Complaint. Grupo entered into an oral brokerage services agreement with BSM and Gatchell, BSM's vice president, for the purchase of the Vessel from its former owner, Trawler Master Braxton, Inc. ("TMBI"). Doc. No. 1 at ¶¶ 4-6, 9-10, 17-19. The Vessel is an 85.2 foot fishing vessel, which was manufactured in 1966 with a breath of 23.0 feet and tonnage of 144 gross tons. *Id*. at ¶ 7. The Vessel is currently docked at Port Canaveral, Florida. *Id*. Grupo alleges that it obtained legal

---

[1] The purchaser has also instituted a separate action for damages against the merchant arising out of the same series of events and/or transactions in Florida's Eighteenth Judicial Circuit Court, in and for Brevard County, Florida. Doc. No. 1 at ¶ 37.

title to the Vessel through an August 15, 2014 unrecorded Bill of Sale between BSM and Grupo, and that Grupo obtained actual possession of the Vessel when its agent in fact, BSM, took possession of the Vessel from TMBI. Doc. No. 1 at ¶¶ 25-27, 35, 42, 44, 50-52. Grupo further alleges that through a series of previous and subsequent purchase agreements and bills of sale, BSM, Gatchell, and another entity controlled by Gatchell, MBLLC, have attempted to fraudulently gain title to the Vessel and have wrongly retained possession of the Vessel. Doc. No. 1 at ¶¶ 22-24, 30, 36-37, 45-46, 48-49.[2]

On April 7, 2016, Grupo filed emergency *ex parte* motions to arrest the Vessel (the "Arrest Motion") and to appoint a substitute custodian (the "Motion to Appoint Custodian"). Doc. Nos. 4-5. On April 22, 2016, the Court entered an order granting the Arrest Motion and the Motion to Appoint Custodian. Doc. Nos. 6; 11 at 4-8. The Court directed the Clerk to issue a Warrant of Arrest for the Vessel, her engines, tackle, apparel, equipment, and appurtenances. Doc. No. 11 at 8. In addition, the Court appointed National Maritime Services, Inc. as the substitute custodian of the Vessel. Doc. No. 11 at 8.[3]

On May 16 and 17, 2016, Defendants were served with summons, a copy of the Complaint, and a copy of the Court's April 22, 2016 order. Doc. Nos. 23-25. Defendants did not timely respond to the Complaint and, on June 9, 2016, Plaintiff filed a motion for entry of Clerk's default. Doc. No. 27. On June 14, 2016, pursuant to Rule 55(a), Federal Rules of Civil Procedure, default

---

[2] There are no fewer than seven (7) agreements at issue in this case related to the Vessel, including an oral brokerage service agreement, numerous purchase agreements and bills of sale, and a delivery agreement. Doc. Nos. 1-1 at 8-9, 13-22, 29-31, 33, 37-38, 43-44, 54-55. Grupo claims legal title solely through the August 15, 2014 Bill Sale, which was executed by Blues Seas as the owner of the Vessel and Grupo as the purchaser. Doc. No. 1-1 at 33.

[3] On April 29, 2016, in order to effectuate the Warrant of Arrest, the Court entered an *ex parte* break order, authorizing the United States Marshals to use a locksmith and other necessary force to take custody of the Vessel. Doc. No. 14 at 1-3.

was entered against the Defendants. Doc. No. 28-30. On June 30, 2016, Plaintiff filed the Motion, requesting the entry of final default judgment. Doc. No. 31.[4]

### III. THE MOTION.

In the Motion, Grupo maintains that its well-pled allegations of fact in the verified Complaint should be taken as true by virtue of Defendants' default. Doc. No. 31 at 6. Grupo requests an order: (1) exonerating the Vessel of any and all claims of interest or ownership on the part of any and all persons, including the Defendants; (2) quieting title or establishing Grupo as the sole owner of the Vessel; (3) requiring the Defendants to execute any and all necessary documentation, which would allow Grupo to record clear legal title over the Vessel with the United States Coast Guard Vessel Documentation Center, as well as any other federal or state agency; and (4) directing the substitute custodian to surrender possession of the Vessel to Grupo. Doc. No. 31 at 4.

### IV. ANALYSIS.

A party in default is deemed to have admitted all well-pled allegations of fact in the complaint. *Nishimatsu Constr. Co. v. Houston Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975).[5] However, before entering default judgment, the Court must ensure that it has jurisdiction over the claims and parties, and that the well-pled factual allegations of the complaint, which are assumed to be true, adequately state a claim for which relief may be granted. *Nishimatsu Constr. Co.*, 515 F.2d at 1206 ("The defendant is not held to admit facts that are not well-pleaded or to admit

---

[4] After the Motion was filed, counsel attempted to appear on behalf of the Defendants and, on July 26, 2016, the Defendants filed a motion to vacate the Clerk's entry of default. Doc. Nos. 32, 39. On July 13, 2016, the Court entered an order striking counsel's attempted notice of appearance. Doc. No. 35. On July 26, 2016, the Court entered an order denying Defendants' motion to vacate the Clerk's entry of default. Doc. No. 40. The Defendants have taken no other steps to be heard in this matter.

[5] In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

conclusions of law."). Complaints need not contain detailed factual allegations, but there must be "more than an unadorned, the defendant-unlawfully harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Id*. (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "Thus, when seeking a default judgment, a plaintiff should provide the Court with points and containing citations to authority showing that the plaintiff's claim or claims include allegations of all the necessary elements required for entitlement to relief." *Johnson v. Cate*, 2009 WL 2151370, at *2 (E.D. Cal. July 17, 2009). In short, it is the moving party's burden to demonstrate that its pleading's factual allegations are legally sufficient to establish one or more of its claims and to entitle it to the specific relief requested. *Id*.

Based upon the verified allegations in the Complaint, the Court has original admiralty jurisdiction over Grupo's claims for wrongful deprivation and to quiet title in the Vessel. *See* Doc. No. 11 at 4-6 (citing authority and finding subject matter jurisdiction exists over Grupo's claims). Furthermore, by virtue of their default, the Defendants have admitted: (1) Grupo hired Gatchell and BSM to broker the purchase of the Vessel (Doc. No. 1 at ¶ 17); (2) for valuable consideration, Gatchell and BSM agreed to broker the sale of the Vessel for Grupo's benefit, including transferring legal title to the Vessel to Grupo (*Id*. at ¶¶18-19); (3) Grupo transferred $330,400.00 to Gatchell and BSM for the purpose of purchasing the Vessel (*Id*. at ¶ 22); (4) on July 24, 2014, Gatchell and BSM, as agents of Grupo, entered into a purchase agreement for the Vessel and paid the purchase price ($275,000.00) for the Vessel (*Id*. at ¶ 24; Doc. No. 1-1 at 29-31); (5) on August 15, 2014, Gatchell and BSM executed a bill of sale transferring title in the Vessel to Grupo (Doc. Nos. 1 at ¶¶ 25-26; 1-1 at 33); (6) Gatchell took possession of the Vessel as Grupo's agent (Doc. No. 1 at ¶ 27); (7) after accepting additional funds, Gatchell agreed to

deliver the Vessel to Grupo in Venezuela (*Id*. at ¶ 28); (8) instead of delivering the Vessel, Gatchell attempted to fraudulently obtain title to the Vessel (*Id*. at ¶ 30); and (9) Defendants have wrongfully retained possession of the Vessel and exploited it for their own benefit to the detriment of Grupo (*Id*. at ¶¶ 35-39).  The well-pled allegations detailed above establish that Grupo is entitled to sole legal title of the Vessel, from any and all claims of interest or ownership on the part of the Defendants, and to immediate possession of the Vessel.  Therefore, it is recommended that the Court enter judgment quieting title to the Vessel in Grupo and exonerating the Vessel from any and all other claims of interest or ownership by the Defendants.  Furthermore, the Court should enter judgment directing the substitute custodian, National Maritime Services, to immediately surrender possession of the Vessel to Grupo or its designated agents.

In the Motion and Complaint, Grupo requests a judgment exonerating the Vessel from any and all claims of interest or ownership on the part of any and all other non-parties.  Doc. Nos. 1 at 11; 31 at 4.  In the Complaint, Grupo generally alleges that during the term of their wrongful possession, the Defendants exposed the Vessel to attachment of maritime liens.  Doc. No. 1 at ¶ 36.  Yet, neither the Complaint nor the Motion provide the Court with any particular facts regarding what, if any, maritime liens may be attached to the Vessel.  Furthermore, while the Motion seeks to exonerate the Vessel from any such claims, it fails to identify the non-parties holding liens against Vessel or demonstrate that those non-parties have been provided notice and an opportunity to assert any such claims against the Vessel.  Doc. No. 31.  Finally, the Motion fails to provide any legal authority supporting Grupo's bald request for a judgment exonerating the Vessel from any and all claims that may be held by non-parties.  Doc. No. 31.  Accordingly, while Grupo is entitled to sole legal title to the Vessel, it is recommended that the Court deny

Grupo's request for a judgment exonerating the Vessel from any and all claims that may be held by non-parties.

Grupo also requests that the Court enter an order directing the Defendants to execute any and all documents, including a bill of sale, which will be sufficient for Grupo to record its legal title in the Vessel. Doc. Nos. 1 at 11; 31 at 6. However, the Motion fails to provide any legal authority in support of Grupo's argument that the Court may compel Defendants to execute a bill of sale or any other document. Doc. No. 31. Moreover, Grupo has failed to address why the Court's judgment quieting title in the Vessel to Grupo may be insufficient to vest clear legal title to the Vessel in Grupo absent Defendants' execution of a bill of sale or other document. Accordingly, to the extent the Motion requests a judgment compelling Defendants to execute a bill of sale or other unspecified document, it is recommended that the Motion be denied.

## V.     CONCLUSION.

Based on the foregoing, it is **RECOMMENDED** that the Motion (Doc. No. 31) be **GRANTED in part and DENIED in part** as follows:

1. The Motion be **GRANTED** as follows:

    a. The Clerk be directed to enter judgment in favor of Grupo and against the Defendants; and

    b. The judgment quiet title and/or establish legal title in the Vessel to Grupo; and

    c. The judgment exonerate the Vessel from any and all claims of interest or ownership on the part of the Defendants; and

    d. The judgment order the substitute custodian, National Maritime Services, to immediately surrender possession of the Vessel to Grupo and/or its designated agents; and

2. The Motion be otherwise **DENIED**.

## NOTICE TO PARTIES

A party has fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions. A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. *See* 11th Cir. R. 3-1. **In order to expedite the final disposition of this matter, if Plaintiff has no objection to this report and recommendation, Plaintiff may promptly file a notice of no objection.**

Recommended in Orlando, Florida on September 28, 2016.

_____
GREGORY J. KELLY
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Counsel of Record
Unrepresented Party
Courtroom Deputy